P. E. BROWN & Co. *v.* J. A. HUNGERFORD.

:Sale—Personal Property—Possession Retained—Attachment.
   A sale of lumber, and possession retained by the vendor, is not a valid
   sale so as to defeat the attachment of a subsequent creditor.

.APPEAL FROM JEFFERSON CIRCUIT COURT.   CHANCERY BRANCH.

August 18, 1870.

OPINION OF THE COURT BY JUDGE PETERS: .

The evidence fails to show that the possession of the lumber
:accompanied the alleged sale, and the statements of Baldwin were
made while he was in the possession of the property. His state-
ment is he sold it in January 1868 and he proves possession was
delivered to Blazer in Pittsburg months after the sale. The court,
below therefore did not err in refusing to sustain exceptions to
them.

Furthermore when all the facts and circumstances attending
the transaction are considered they repel the conclusion that an
absolute sale and delivery was made of the lumber to appellants
prior to the attachments. It is unusual unbusinesslike for a
contract of the magnitude and importance of the one here alleged
to have been made to transpire without a witness; and not to
be evidenced by a writing. No member of appellant's firm ever
saw the lumber, nor does it appear that a bill of it, had been
furnished to them before, or at the time they claim to have pur-
chased it, and how its value could be ascertained at the time of
the asserted purchase when it was a wreck scattered on the shores
of the Alleghany river for 150 miles, is unexplained. And
although Baldwin who is the only witness offered to prove the
sale, states that the price was paid and a receipt executed there-
for, he fails to state the amount paid, nor do appellants produce
any receipt therefor. It will not do to say that the price, or
that the receipt was given after the lumber was gathered and
measured, there is no evidence of any correspondence between
the parties after those events. or that any payments were made,

the clear implication from Baldwin's deposition is that the contract was made and the money paid at the same time January, 1868, but if the receipt of which he speaks had been produced the difficulty would have been removed, as it is shown by their own witness that they have it, and fail to produce it, that is a strong circumstance that it would disclose something they desired to withhold.

The lumber was brought to Pittsburg by Baldwin and was removed to evade the attachment sued out by the hands employed to gather and raft it, for their wages, and when appellee's attachment was levied upon it below Louisville, Blazer, and not appellants claimed it, as had been arranged by Baldwin and Blazer at Economy after the hands had sued out their attachments at Pittsburg.

The evidence greatly preponderates in favor of the judgment, and let it therefore be *affirmed.*

*Bullock & Anderson,* for appellant.
*Gibson,* for appellees.